**Ovall Dale KENDALL,**
**Plaintiff-Appellant,**

v.

**The HOOVER COMPANY,**
**Defendant-Appellee.**

No. 83–3845.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 22, 1984.
Decided Dec. 27, 1984.

Edward L. Gilbert (argued), Akron, Ohio, for plaintiff-appellant.

John D. Jolliffe, Gust Callas (argued), Canton, Ohio, for defendant-appellee.

Before EDWARDS and KEITH, Circuit Judges, and JOHNSTONE, District Judge.[*]

KEITH, Circuit Judge.

This is an appeal by the plaintiff, Ovall Dale Kendall, from an order entered by the Honorable George W. White of the United States District Court for the Northern District of Ohio granting summary judgment in favor of the defendant, the Hoover Company. Mr. Kendall also appeals from an order denying his motion for relief from judgment. For the reasons stated below, we affirm the decision.

The plaintiff was hired by the Hoover Company as a machine load engineer in 1966. Mr. Kendall served in this position for a number of years. On May 31, 1982, Mr. Kendall was advised that he was "going to be let go" and "terminated" because economic conditions required the department to reduce manpower by one person, and that he was chosen as the person to be terminated because his absenteeism was higher than others in his department. Mr. Kendall was told he would be given six months severance pay, and that there was a possibility he could be recalled within the six months. He was also told if he had not returned by November 30, 1982 (the end of the six month period), then as of that date he would be fully terminated. Mr. Kendall was contacted in September 1982, told he would be terminated as of November 30, 1982, and that all of his employment benefits would terminate as of that date. However, he was informed that he could maintain his medical benefits by retiring. Mr. Kendall elected to retire, effective December 1, 1982, in order to maintain his medical benefits.

On November 10, 1982, Mr. Kendall filed suit against the Hoover Company alleging age discrimination. On December 1, 1982, appellant received his first retirement pension check from Hoover. However, on January 3, 1983, Hoover offered Mr. Kendall his old position, reinstated him at his prior wage rate and gave him his normal annual merit increase.

On appeal, the plaintiff argues, in essence, that the grant of summary judgment in favor of the defendant was inappropriate in this case because it occurred without a hearing or notice that this matter was under consideration by the court, that summary judgment is unsuitable to civil rights cases and that the movant did not meet his burden of demonstrating there was no genuine issue as to any material fact. We find these arguments to be without merit.

We address first plaintiff's argument concerning the court's failure to hold a hearing. In the Northern District of Ohio, Rule 3.01 provides in part: "Motions, in general, shall be submitted and determined upon the motion papers hereafter referred to. Oral arguments of motions will be permitted on application and proper showing." Notwithstanding plaintiff's contention at oral argument that there were

* Honorable Edward H. Johnstone, United States District Court for the Western District of Kentucky, sitting by designation.

informal communications with the court, from the record it is indisputable that a hearing on the motion for summary judgment was never requested. Accordingly, plaintiff was not entitled to a hearing, and we find plaintiff's argument in this regard without merit. *See Dayco Corporation v. Goodyear Tire & Rubber Company,* 523 F.2d 389, 391–92 (6th Cir.1975) (upholding an earlier version of Rule 3.01).

Next, we address plaintiff's argument that summary judgment is unsuited to a civil rights case. It is true there is authority to the effect that "[c]ases premised on alleged violations of the constitutional or civil rights of plaintiffs frequently are unsuitable for summary judgment." 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2732.2 at 340 (2d ed. 1983). However, these commentators also point out that "in a discrimination case, the court may grant the motion if it determines that no evidence has been presented indicating that a discriminatory purpose was a motivating factor." *Id.* at 364–65; *cf. McClain v. Mack Trucks, Inc.,* 532 F.Supp. 486, 489 (E.D.Pa.1982) (in order for plaintiff to avoid summary judgment in a Title VII action after defendant employer has articulated a nondiscriminatory reason for the firing, the plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision), *aff'd without published opinion,* 707 F.2d 1393 (3d Cir.), *cert. denied,* — U.S. ——, 103 S.Ct. 3123, 77 L.Ed.2d 1375 (1983).

In granting the motion for summary judgment, the district court noted "the plaintiff has not opposed the motion of defendant Hoover Company for summary judgment nor the affidavit filed thereto asserting that the plaintiff was laid off because of excessive absenteeism." Joint Appendix at Document 6 (Ordering granting summary judgment). This Court has held that the conclusory allegations of a complaint cannot be relied upon to withstand a motion for summary judgment. For example, in a recent age discrimination case, *Locke v. Commercial Union Insur-*

*ance Co.,* 676 F.2d 205 (6th Cir.1982), the defendant submitted a motion for summary judgment. The plaintiff did not submit a pleading responsive to the motion and the district court granted summary judgment. In a per curiam opinion this Court stated:

[P]laintiff's failure to respond as required by Rule 56(e), Fed.R.Civ.P., or to file an affidavit sufficient to satisfy Rule 56(f) made summary judgment appropriate.

The plaintiff did nothing more than state his conclusion that he was terminated because of his age. To permit this single statement to constitute a prima facie case would place on employers a burden which Congress never intended. There is no automatic presumption that every termination of an employee between the ages of 40 and 70 results in a violation of the Age Discrimination in Employment Act. Yet to permit a plaintiff to shift the burden to the defendant of justifying a termination on such a conclusory statement would have this effect. *See Sahadi v. Reynolds Chemical,* 636 F.2d 1116, 1118 (6th Cir.1980); *Ackerman v. Diamond Shamrock,* 670 F.2d 66 (6th Cir. 1982).

676 F.2d at 206. Accordingly, we find plaintiff's argument concerning the unsuitability of summary judgment to be without merit.

Next we address plaintiff's contention that the defendant failed to meet the burden of proof required on a motion for summary judgment. We read the plaintiff's argument as essentially proceeding in three steps. First, plaintiff argues that even if an adverse party fails to respond, the burden remains on the movant to demonstrate there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Appellant's Brief at 8–9 (citing *Felix v. Young,* 536 F.2d 1126, 1134–35 (6th Cir. 1976)). Second, plaintiff argues that under Rule 56(c) a court considering a motion for summary judgment is required to consider all evidence on file, including discovery documents. Appellant's Brief at 6 (quoting

Fed.R.Civ.P. 56(c)) ("The judgment sought shall be rendered forthwith if the pleadings, *deposition, answers to interrogatories, and admissions on file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact ....") (emphasis added). Third, plaintiff argues that on their face the discovery documents clearly demonstrate there is a genuine issue of fact as to whether Mr. Kendall was laid off, terminated or retired. Appellant's Brief at 6–8.

While there is a superficial logic to this argument, it does not withstand critical analysis. It is clear that the plaintiff's first two propositions are accurate statements of the law. However, the plaintiff's argument is ultimately flawed. For even assuming the third proposition to be true—the documents demonstrate that there is a question whether Kendall was laid off, retired or terminated—the obvious question is so what? That is to say, the essential inquiry concerning a motion for summary judgment is whether there exists a genuine issue as to any *material* fact—not whether there is a genuine issue as to *any* fact. *See* Fed.R.Civ.P. 56(c). Black's Law Dictionary defines a "material fact" in the context of a motion for summary judgment as follows:

> **Summary judgment.** In determining what constitutes a genuine issue as to any material fact for purposes of summary judgment, an issue is "material" if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action. *Austin v. Wilder,* 26 N.C.App. 229, 215 S.E.2d 794, 796. *See* Fed.R.Civ.P. 56(c).
>
> A fact is "material" and precludes grant of summary judgment if proof of that fact would have effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle of law to the rights and obligations of the parties. *Johnson v. Soulis, Wyo.,* 542 P.2d 867, 872 (1975).

Black's Law Dictionary 881 (6th ed. 1979).

By comparing the dictionary definition of a "material fact" to the appellant's argument, it is obvious that determining whether Kendall was laid off, retired or terminated does not have the effect of establishing or refuting one essential element of an age discrimination cause of action. This point can be demonstrated by considering the elements of an age discrimination case. In *Blackwell v. Sun Electric Corporation,* 696 F.2d 1176 (6th Cir.1983), this Court noted: "[a]s modified to fit age discrimination cases, the *McDonnell Douglas* test for making out a prima facie case of discrimination requires that a plaintiff demonstrate that (1) he was a member of a protected class; (2) he was discharged [or otherwise discriminated against with respect to his employment]; (3) he was qualified for the position; and (4) he was replaced by a younger person." 696 F.2d at 1180 n. 4; *accord Laugesen v. Anaconda Company,* 510 F.2d 307, 317 (6th Cir.1975) (plaintiff in an age discrimination action entitled to recover if his age "made a difference in determining whether he was to be retained or discharged"). Clearly plaintiff's proffered genuine issue of fact concerning his lay-off, retirement or termination is not "material" within the meaning of Federal Rule of Civil Procedure 56(c). What is material is whether plaintiff's age made a difference.

■ From a review of the record it is clear that the plaintiff did not seriously put in question the determination of whether his age made a difference. In considering the plaintiff's motion for relief from judgment, the district court stated:

> The plaintiff contends that an issue of fact remains because "after review of the record, the record clearly supports that [sic] the plaintiff was not in fact the worst employee as it relates to absenteeism." This Court has thoroughly reviewed the record and the plaintiff's belated briefs and can find no evidence of the absenteeism of employees other than plaintiff upon which the plaintiff can base a comparison. Exhibit IV filed in response to the plaintiff's interrogatories only lists other persons terminated due

to excessive absenteeism. The plaintiff's contention is not supported by the record.

Joint Appendix at Document 10, pp. 2–3 (Memorandum and order denying relief from judgment). Since the plaintiff failed to make out a prima facie case of discrimination, we find that the district court did not err in granting the defendant's motion for summary judgment.

Finally, we address the plaintiff's argument concerning denial of his motion for relief from judgment. Federal Rule of Civil Procedure 60(b) provides, in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." The plaintiff contends that the district court should have granted the Rule 60(b) motion based on: 1) the alleged error on the part of the trial court in not informing the plaintiff of the hearing on the Rule 56 motion; and 2) the reasonable assumptions that should have been made by opposing counsel and the trial court with respect to plaintiff's need for additional time to gather economic data with which to respond to the summary judgment motion. We find both of these contentions to be absolutely without merit. With respect to plaintiff's first contention, we have previously discussed the operation of local Rule 3.01. In the Northern District of Ohio, if a hearing upon a motion is not requested it can properly be deemed waived. With respect to plaintiff's second contention, if indeed there was a need for additional time to compile certain economic data, a procedure for securing the appropriate relief existed under Federal Rule of Civil Procedure 56(f). The plaintiff, however, did not even attempt to utilize Rule 56(f).

In considering the Rule 60(b) motion the district court stated:

"The court is not persuaded that there has been any excusable neglect, or mistake demonstrated. The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect. *Jackson v. Seaboard Coast Line Railroad,* 678 F.2d 992, 1020 (11th Cir.1982); *Williams v. Five Platters, Inc.,* 510 F.2d 963, 964 (Cust. & Pat.App. 1975); *Universal Film Exchange, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir.1973); *Smith v. Stone,* 308 F.2d 15, 18 (9th Cir.1962).

Joint Appendix at Document 10, p. 2 (Memorandum and order denying relief from judgment). We agree.

Accordingly, the judgment of the Honorable George W. White is affirmed.