802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert MERCER, Plaintiff-Appellant,
v.
J.R. JOHNSON; W.A. Trzetziak; Dr. Franklin; J.B.
Albright; J. Forthun; D. Hilliard; and J.
Gray, Defendants-Appellees.
 No. 85-1463.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 Before KENNEDY and WELLFORD, Circuit Judge, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan state plaintiff appeals from a summary judgment dismissing his Bivens action, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), brought against various prison officials at the Federal Correctional Institution in Milan, Michigan. The district court dismissed plaintiff's suit after considering plaintiff's objections to the magistrate's report and recommendation to dismiss the suit.
 
 
 2
 Plaintiff sought monetary and injunctive relief for his claimed cruel and unusual punishment inflicted upon him by the defendants resulting frolm their deliberate indifference to his serious medical needs. In his lengthy complaint and attachments thereto, plaintiff made many allegations charging the defendants with ignoring his serious medical needs, keeping him in an unheated cell during cold weather, and arbitrarily refusing to change his custody status and approve his transfer to the Federal Correctional Institution in Lexington, Kentucky.
 
 
 3
 Construing the evidence in favor of the plaintiff, the non-moving party in the district court, this Court concludes that summary judgment was properly entered for the defendants. Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir.) cert denied, 105 S.Ct. 545 (1984); Count of Oakland v. City of Berk, 742 F.2d 289, 298 (6th Cir.1984). The district court simply did not rely on the plaintiff's failure to respond to the defendants' motion for summary judgment to dismiss plaintiff's suit; see Kendall v. Hoover Co., 751 F.2d 171, 173 (6th Cir. 1984); rather, it chose to address the merits of plaintiff's claims and found them lacking.
 
 
 4
 In order to prove an eighth amendment claim of cruel and unusual punishment against state prison officials, the plaintiff must show that the defendants acted with gross neglect or deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligence is clearly insufficient; Estelle v. Gamble, supra; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985); and each condition of confinement alleged to be cruel and unusual punishment must by itself violate the eighth amendment prohibition. Walker v. Mintzes, 771 F.2d 920, 925-26 (6th Cir. 1985). In the instant case, the plaintiff was, indeed, arguing about the degree and kind of medical treatment which he received from the defendants. By his own admissions, he was evaluated and treated many times at the Federal Correctional Institution in Milan, Michigan, at the Veteran's Administration Hospital in Ann Arbor, Michigan, and at the Medical Center in Springfield, Missouri. His complaints about the lack of heat were addressed, although perhaps not to his satisfaction. His requests for a change in his custody status and for a transfer were also not arbitrarily denied. For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.