812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dan B. OCHKO, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Perry Johnson, Barry
Mintzes, Robert Brown, Dan Bolden, D.E.
Houseworth, David Trippett, Defendants-Appellees.
 No. 86-1161.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1987.
 
 Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, an inmate at various Michigan penal institutions, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in which he alleged that he had been injured as a result of appellees' failure to respond adequately to his requests that he be provided with protection from physical assaults by other prisoners. Upon its consideration of appellees' motion for summary judgment, however, the district court ordered the dismissal of the complaint based upon the conclusion that appellees' actions did not constitute conduct indicating the gross negligence or deliberate indifference necessary to give rise to a civil rights action. Appellant thereafter filed this appeal from that judgment.
 
 
 3
 Summary judgment is an extremely harsh remedy to be employed only if the district court, construing all the facts in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Kendall v. Hoover Co., 751 F.2d 171 (6th Cir.1984); Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291 (6th Cir.1984). Both those requirements have been satisfied in the present appeal. First, review of the record indicates that the parties are in essential agreement as to the facts underlying appellant's complaint. Furthermore, it is equally clear that appellees are entitled to judgment as a matter of law as this Court has recently determined that facts virtually identical to those alleged by appellant are insufficient to establish gross negligence or deliberate indifference by appellees necessary to give rise to a cause of action under 42 U.S.C. Sec. 1983. Stewart v. Love, 696 F.2d 43 (6th Cir.1982) (per curiam ). Accordingly, the district court did not err in granting appellees' motion for summary judgment and dismissing appellant's complaint.
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the district court's final judgment entered February 5, 1986, be and hereby is affirmed.