815 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Quincy ADAMS, Plaintiff-Appellant,
v.
George WILSON, John D. Rees, Lt. Larry Chandler, Lt. William
Clark, Kevin Shake, Lt. James Etheridge, Sgt. J.
Alley, and Pamela Boyles, Defendants- Appellees.
 No. 86-6199.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1987.
 
 Before MARTIN, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. Upon examination of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, an inmate at the Kentucky State Reformatory in LaGrange, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Western District of Kentucky. In support of his claim for both injunctive relief and money damages, he alleged that his due process rights had been violated in the course of a prison disciplinary proceeding in that there was insufficient evidence to support the finding that he was in fact guilty of misconduct and that he was not provided with adequate notice of the disciplinary board's decision. Appellees responded to both those claims by filing a motion for summary judgment which was granted by the district court on November 6, 1986. Appellant thereafter brought this appeal.
 
 
 3
 Summary judgment is proper only when the district court, drawing all inferences in a light most favorable to the non-moving party, can conclude that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Kendall v. Hoover Company, 751 F.2d 171 (6th Cir.1984). Both those requirements have been satisfied in the present appeal as the parties are in agreement as to the circumstances giving rise to the prison disciplinary proceedings against appellant and the punishments ultimately imposed upon him. The only matters remaining for resolution therefore are the questions of law of whether there was sufficient evidence to support the prison disciplinary board's determinations and whether appellant received adequate written notice of that body's action. Appellant, however, cannot prevail on either of those issues. First, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board...." Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768 (1985) (emphasis supplied). Moreover, examination of the incident report provided appellant at the conclusion of the board's proceedings discloses that it clearly conformed with the requirements for such notices established in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974). The district court, therefore, did not err in granting the motion for summary judgment and dismissing appellant's complaint.
 
 
 4
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the district court's final order entered November 6, 1986, is affirmed.