815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie ROBINSON, Plaintiff-Appellant,
v.
John HORN, Hospital Administrator, et al., Defendant-Appellee.
 No. 86-3928.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1987.
 
 Before ENGEL and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. Upon examination of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, an inmate at the Southern Ohio Correctional Institution in Lucasville, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Southern District of Ohio. In support of his prayer for both monetary damages and a declaratory judgment, he alleged that he had been diagnosed as suffering from cancer and that appellee, a nurse on the medical staff at that institution, had intentionally prevented his receipt of drugs which had been prescribed by his physicians. Appellee, however, sought the dismissal of the action by means of a motion for summary judgment. The district court, after an evidentiary hearing at which both parties were permitted to offer evidence, granted appellee's motion and entered a judgment which dismissed the complaint. Appellant thereafter filed this appeal.
 
 
 3
 Summary judgment is proper only when the district court, drawing all inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Kendall v. Hoover Company, 751 F.2d 171 (6th Cir.1984); Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291 (6th Cir.1984). Furthermore, in responding to a motion for summary judgment, the non-moving party may not rest upon the allegations contained in the pleadings, but has an affirmative duty to overcome by means of affidavit or other appropriate evidence the moving party's demonstration of the existence of the conditions specified in Rule 56(c), Federal Rules of Civil Procedure. Rule 56(e), Federal Rules of Civil Procedure; Shavrnoch, supra; Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 4
 Application of those general rules indicates that the district court did not err in granting appellee's motion for summary judgment. First, there is no genuine issue of material fact due to appellant's failure to comply with the requirements of Rule 56(e), Federal Rules of Civil Procedure. Specifically, in moving for summary judgment, appellee submitted by affidavit and later by means of oral testimony from himself and others evidence which directly contradicted the factual allegations contained in the complaint that he had interfered with appellant's receipt of the drugs prescribed for him. Even though afforded an opportunity to do so, appellant subsequently did not introduce evidence on his own behalf capable of contradicting that offered by appellee and as a result failed to demonstrate the existence of a genuine issue of fact. Rule 56(e), Federal Rules of Civil Procedure; Shavrnoch, supra; Smith, supra.
 
 
 5
 In consequence of that failure, it is equally clear that appellee is entitled to judgment as a matter of law as a claim of improper medical treatment may give rise to liability under 42 U.S.C. Sec. 1983 only if it can be shown that the degree of care accorded the claimant was so lacking that it resulted in the wanton and unnecessary infliction of pain so as to constitute cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97 (1976). As appellant has failed to offer any evidence, other than the allegation contained in the complaint, in support of his claim that appellee had intentionally refused to provide him with the drugs prescribed him by physicians, it is clear that appellee's conduct did not violate that standard. Consequently, the district court did not err in granting the motion for summary judgment and dismissing appellant's complaint.
 
 
 6
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(b)(5), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the district court's final judgment entered September 5, 1986, is affirmed.