817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ron GIBSON, Plaintiff-Appellant,
v.
ANHEUSER BUSCH, INC., Steve Burrows, Defendants-Appellees.
 No. 86-1713.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1987.
 
 Before MERRITT, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the parties' briefs, this panel agrees unanimously that oral argument is not needed. Rule 9(b), Rules of the Sixth Circuit.
 
 
 2
 In this action, the pro se plaintiff seeks to appeal from the district court's granting of defendants' motion for summary judgment of his civil rights complaint on the grounds of res judicata and untimeliness under the applicable statute of limitations. In 1986, plaintiff filed this suit for damages under 42 U.S.C. Sec. 1981 against the defendants, a corporation and its employee, charging that they breached a contract with plaintiff and discriminated in their contracting with plaintiff because of his race. Plaintiff had filed an earlier suit in 1982 against the defendants in a Michigan county court, alleging breach of a rodeo sponsorship contract and negligent and intentional infliction of emotional distress. The 1982 complaint was based on the same transactions and occurrences in 1981 that form the basis of plaintiff's allegations herein. Plaintiff alleges that defendants required written assurances from plaintiff, a black rodeo producer, that his cowboys would perform at the rodeo in 1981 while defendants failed to require this from the subsequent producer, a white person, a year later. Besides punitive damages, plaintiff requests compensation for the funds he expended in attempting to produce the rodeo. Defendants had removed the original Michigan action to federal district court where they successfully moved for a directed verdict, upon the conclusion of plaintiff's case. Plaintiff did not appeal the directed verdict despite his attorney's informing him of the right to appeal and the required time constraints. Plaintiff then filed the instant action in April, 1986, five months after the directed verdict in the earlier suit. After consideration of defendants' motion for summary judgment and plaintiff's response thereto, the district court granted the motion and dismissed the action. Plaintiff thereafter filed this appeal from the summary judgment.
 
 
 3
 An examination of the record, particularly the complaints in both actions, indicates that the district court correctly concluded that there was no genuine issue of material fact. Therefore, the defendants were entitled to summary judgment. Kendall v. Hoover Co., 751 F.2d 171, 173 (6th Cir. 1984). We agree that plaintiff's action is precluded for the reasons set forth by the district court in the order on appeal.
 
 
 4
 Accordingly, it is ORDERED that the final order of the district court be affirmed. Rule 9(b), Rules of the Sixth Circuit.