829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Konrad ELRICH, Robert L. Peyton, Plaintiffs-Appellants,
v.
Officer Ricardo WRIGHT, Officer Ken S. Soward, Officer
Powers, City of Dayton, Sharon Broughton, Michael J.
McCullion, Kenneth R. Cox, Michell Lenore Elder, Sandy's
Towing, Tammi Shawn Bieker, Defendants-Appellees.
 No. 87-3252
 United States Court of Appeals, Sixth Circuit.
 September 16, 1987.
 
 ORDER
 Before ENGEL and RYAN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for leave to file petitions seeking relief from the appellees, the briefs of the parties and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In April, 1985, Elrich was driving a car in which Peyton was a passenger. Elrich passed a parked police cruiser operating under its emergency lights and which was located behind a parked Honda. Elrich's car collided with the Honda's door. Elrich refused to Tahe field sobriety tests and was arrested for operating a motor vehicle while under the influence of alcohol. Peyton was arrested for public intoxication. Both were handcuffed and taken to the police department where Elrich refused to take a breathalyzer test. Elrich was found not guilty of the DWI charge but he was convicted of failure to surrender his driver's license.
 
 
 3
 The complaint and amended complaint alleged that the traffic accident report was inaccurate, that Sandy's Towing damaged Elrich's car when they towed it away from the scene of the accident, that their civil rights were violated by the arrest and that handcuffs cut and bruised Elrich's wrists. In October of 1986, the employees of the Ohio Department of Highway Safety and the City of Dayton were dismissed. The parties consented in November of 1986, for the magistrate to enter a final decision and that any appeal be to this court. Sandy's Towing was dismissed in March of 1987, pursuant to a settlement.
 
 
 4
 On March 9, 1987, summary judgment was entered. Peyton's claims were dismissed because he asserted that he was a witness and not a plaintiff. The claims against the police officers were dismissed without prejudice on the basis that the license suspension, failure to surrender charge and alleged false accident reports were not actionable in the district court; that there was probable cause to arrest the plaintiffs; and that there was no excessive force used in the arrest. The claims against the owner and driver of the car were dismissed without prejudice. The notice of appeal was filed from the March 9, 1987, decision.
 
 
 5
 The plaintiffs argue on appeal that the magistrate erred in its decision because he did not determine the facts and issues to be tried against the defendants. They assert that the police officers violated their rights by refusing to let them call an attorney prior to their arrest, by refusing to let them have witnesses in their behalf and to be confronted by witnesses against them, by arresting them without probable cause, by using unreasonable force in the arrest, by having the car towed away, by refusing to take Elrich to a person of his own choosing for the sobriety test, and by completing an erroneous traffic accident report.
 
 
 6
 We conclude that the district court did not err in granting summary judgment. There is no genuine issue of material fact and the moving party was entitled to judgment was a matter of law. See Kendell v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984); County of Oakland v. City of Berkley, 742 F.2d 289, 298 (6th Cir. 1984). Although the plaintiffs argue that there was no probable cause to arrest them, such a claim is inconceivable in light of the collision having been in front of the policeman. Summary judgment was also proper as to the remaining claims. The excessive force complained of by the plaintiffs during the arrest was that the handcuffs were tight and bruised Elrich's wrists. The amount of force used was insufficient to rise to a claim under 42 U.S.C. Sec. 1983. Lewis v. Downs, 774 F.2d 711 (6th Cir. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). In addition, Elrich is attacking the decision of the state court to take away his driver's license. Review of state court decisions by this court is not proper. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983).
 
 
 7
 It is ORDERED that the motion be denied and the judgment of the district court be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.