831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Eugene ROBERTS, Plaintiff-Appellant,
v.
George WILSON, Secretary of Corrections; Steve T. Smith;
John D. Rees; Harold Edmonson; Linda Payton;
Robert Shelly; Gary Prestigiacomo; and
Unknown Person, Defendants-Appellees.
 No. 87-5407.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed. R. App. P. 34(a).
 
 
 2
 This pro se Kentucky prisoner appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint in which he alleged that his due process rights were violated in a prison disciplinary proceeding. Over the plaintiff's objections, the district court adopted the magistrate's report and recommendation that the defendant's motion for summary judgment be granted and the case dismissed.
 
 
 3
 We conclude that the district court properly dismissed the complaint; construing the motion in the light most favorable to the plaintiff, there was no genuine issue of material fact, and the defendants were entitled to judgment as a matter of law. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).
 
 
 4
 Plaintiff's disciplinary proceeding comported with the requirements of due process; the written statement of the Adjustment Committee sufficiently stated the evidence relied upon, and contained a finding by the committee that the confidential informants were reliable. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); King v. Wells, 760 F.2d 89, 94 (6th Cir. 1985). A reference to the content of confidential statements in. the written report is not necessary; Wolff only requires that the fact of omission be noted in the record. King, 760 F.2d at 94.
 
 
 5
 Plaintiff is not entitled to further due process protection under Kendrick v. Bland, 541 F.Supp. 21 (W.D. Ky. 1981). Kendrick merely requires the same basic due process procedures as Wolff, Kendrick, 541 F.Supp. at 32, and does not create a separate constitutional claim under Sec. 1983. Finally, the plaintiff's claim that he was denied the opportunity to question the investigating officer is meritless. The record reveals that the plaintiff did not request the officer as a witness until the day of the hearing, and in any case, the plaintiff, through his legal aide, waived any objection to the officer's absence at the hearing.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.