831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie Armail JULIAN, Plaintiff-Appellant,
v.
Barbara RUSH, Defendant-Appellee.
 No. 87-1104.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1987.
 
 1
 Before LIVELY, Chief Judge, and WELLFORD, Circuit Judge, and ROBERT M. McRAE, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Michigan prisoner appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint in which he alleged that his constitutional rights were violated in a prison disciplinary proceeding. Over the plaintiff's objections, and after a de novo review, the district court adopted the magistrate's recommendation to grant the defendant's motion for summary judgment, and dismissed the complaint.
 
 
 4
 After reviewing the record, including the en camera documents, we conclude that the dismissal was proper. Construing the motion in the light most favorable to the plaintiff, there was no genuine issue of material fact and the defendant was entitled to judgment as a matter of law. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984).
 
 
 5
 The plaintiff's claims are meritless. A prisoner does not have a due process right to the identity of confidential informants, a copy of their confidential statements, nor an unlimited right to call or question witnesses and request documents. Wolff v. McDonnell, 418 U.S. 539, 565-67 (1974); King v. Wells, 760 F.2d 89, 93-94 (6th Cir.1985). Furthermore, from the record it is clear that the plaintiff received copies of any relevant statements to which he was entitled under due process as soon as they were available.
 
 
 6
 The plaintiff's reliance on Kyle v. Hanberry, 677 F.2d 1386 (11th Cir.1982), in support of his claim that the defendant did not establish that the confidential informant was credible and reliable is misplaced, and this claim is meritless. The information relied on in Kyle was hearsay received by the prison chaplain from an unidentified informant. Furthermore, there was nothing in the hearing report or the record before the Eleventh Circuit to establish the reliability and credibility of the confidential informant. Unlike Kyle, the identity, reliability, and credibility of the confidential informant in the instant case could be readily established by the defendant hearing officer from the en camera documents. This is all that due process requires on this point. See Kyle, 677 F.2d at 1390.
 
 
 7
 The plaintiff's remaining claims must also fail. Due process is provided if some evidence in the record supports the decision by the hearing officer, Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985); this requirement has been met in this case.
 
 
 8
 Finally, the plaintiff's allegation that he had difficulty in obtaining law books fails to support his claim that the district court erred. Moreover, on appeal, he cannot raise a new claim, denial of access to the court, that was not presented to the district court. Ruip v. United States, 555 F.2d 1331, 1337 (6th Cir.1977).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Senior U.S. District Judge for the Western District of Tennessee, sitting by designation