869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James F. GALLAGHER; Defendant-Appellant,
Katherine Gallagher (deceased), Defendant.
 No. 88-3047.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se civil defendant appeals the judgment of the district court granting summary judgment to the plaintiff in this foreclosure action to recover the default of a loan made to the defendant by the Small Business Administration (SBA).
 
 
 3
 Review of the record shows that Gallagher received a $30,000 loan from SBA in 1981 to start a private investigation business. Because he had been previously convicted as a felon, he was unable to obtain a private investigator's license from the State of Ohio. Gallagher's business failed. He defaulted on the loan, which was secured by a mortgage deed on his residence and by two security agreements. The United States sought foreclosure of the property, and Gallagher counterclaimed for breach of contract. The district court granted summary judgment for the plaintiff, and entered a judgment of indebtedness and decree of foreclosure. Gallagher appealed, but the appeal was dismissed for failure to pay fees, and the sale of the property was confirmed by the district court. The appeal was reinstated upon motion of the defendant, and an emergency stay of eviction was granted during the pendency of this appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment. Summary judgment should be granted when, viewing the evidence in a light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984). Only disputed facts that might affect the outcome of the suit under governing law will properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is undisputed that Gallagher borrowed the money and failed to repay it in accordance with the terms of the loan agreement. The Administrator of SBA is authorized to bring suit to collect the obligation and to sell the property securing it. 15 U.S.C. Sec. 634(b)(1) and (2).
 
 
 5
 Gallagher's breach of contract claim is without merit. The loan agreement contained an unconditional promise to repay the loan with interest, and it did not, by its terms, obligate the SBA to secure the necessary license for Gallagher's business. The failure of the business does not constitute a valid defense to the foreclosure suit. See United States v. Antioch Foundation, 822 F.2d 693, 696 (7th Cir.1987).
 
 
 6
 Accordingly, the judgment of the district court is affirmed and the stay of eviction entered by the court on May 13, 1988, is hereby dissolved. Rule 9(b)(5), Rules of the Sixth Circuit.