Florence P. MALONEY, Plaintiff,

v.

GENERAL MOTORS TOTAL AND PERMANENT DISABILITY PLAN and General Motors Corporation, Defendants.

No. CIV. A. 97–40216.

United States District Court,
E.D. Michigan,
Southern Division.

April 22, 1998.

---

George A. Jones, George A. Jones & Assoc., Detroit, MI, for Plaintiff.

David M. Davis, Hardy, Lewis, Birmingham, MI, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

GADOLA, District Judge.

Before the court is a motion for summary judgment by defendants, General Motors Total and Permanent Disability Plan and General Motors Corp. ("GM"). For the reasons set forth below, this court will grant defendants' motion.

### Factual Background

Plaintiff, Florence P. Maloney, commenced employment with General Motors Corp. as an hourly employee on January 11, 1976. As an hourly employee, plaintiff participated in benefit plans including the GM Pension Plan and the GM Disability Program. On October 18, 1986, plaintiff commenced a disability leave of absence. In accordance with the terms of the GM Disability Plan, plaintiff received short-term disability benefits from October 19, 1996 to October 30, 1997. From October 31, 1987 through October 15, 1990, plaintiff received Extended Disability Benefits ("EDB") in the amount of $1,015.00 per month.

Plaintiff returned to work on October 16, 1990, only to commence another disability leave of absence on December 21, 1990. Upon taking this second disability leave, plaintiff again filed for short term benefits under the GM Disability Plan. In support of that application, plaintiff submitted a form upon which she indicated that she last worked on December 21, 1990, and that she was totally disabled. Plaintiff also obtained a certification from her physician, Dr. Beverly S. Mitchell, dated January 3, 1991 that indicated that plaintiff was totally disabled for any occupation and for her regular employment.

Pursuant to the terms of the GM Disability Program, plaintiff was not entitled to additional short-term benefits. Plaintiff's second disability arose from the same cause as the first disability and her second leave commenced less than three months subsequent to the end of the first leave. Under those circumstances, the second disability leave is considered "recurrent." In this case, if plaintiff had worked two additional weeks, plaintiff would have been eligible for additional short-term disability benefits. However, under the circumstances present here, plaintiff was not entitled to additional short-term benefits because her second leave did commence within three months of the end of her first leave, and because she had already received a full year of short-term disability benefits. The plan also specifically provided that the level of EDB payable from the date of the commencement of the second disability leave shall remain the same as the level prior to the employee's return to work. Accordingly, plaintiff was entitled to EDB payments of $1,015 per month subsequent to December 22, 1990.

On February 22, 1991, plaintiff submitted her first application for Total and Permanent Disability Benefits under the GM Pension Plan. Plaintiff again certified as a part of this application that she was totally disabled and

wholly unable to work as of December 21, 1990. Plaintiff's treating physician advised that plaintiff was totally disabled and that the condition was permanent. However, GM's physician found that while plaintiff was totally disabled at that time, he anticipated that she would be able to return to work in December, 1991, after a period of chemotherapy. Accordingly, on March 22, 1991, the GM Corporate Medical Director found that plaintiff was not permanently and totally disabled.

After being advised of the Corporate Medical Director's March 22, 1991 ruling, plaintiff filed another application for Total Disability Benefits under the GM Pension Plan on April 17, 1991. Once again, plaintiff certified that she had been completely disabled since December 21, 1990. On June 6, 1991, GM's physician reconsidered his prior prognosis in light of the results of chemotherapy. He concluded that plaintiff continued to be totally disabled and that the condition was permanent. Accordingly, on June 25, 1991, plaintiff was deemed eligible for disability pension benefits under the GM Pension Plan.

On July 31, 1991, plaintiff attended a meeting with Gail Terey from GM's Regional Benefit Center. At that time, plaintiff inquired as to the level of EDB payments to which she was entitled. After consulting her computer, Ms. Terey erroneously advised plaintiff that she would be entitled to $1,480 per month. Plaintiff then signed the final papers. Shortly after that meeting, plaintiff contacted Ms. Terey and informed her that she was not receiving payments in the amount of $1,480 per month. Upon investigation, Ms. Terey realized her error, and informed plaintiff that $1,015 per month was indeed the proper rate.

Plaintiff claims that she was forced to retire early which prevented her from collecting the full amount of benefits to which she feels she is entitled. Moreover, plaintiff claims that Ms. Terey made a material misrepresentation when she advised plaintiff that plaintiff would be entitled to $1,480 per month in EDB, rather than $1,015 per month. Accordingly, on May 30, 1997, after she was unable to secure administrative relief, plaintiff filed the instant complaint in Wayne County Circuit Court. On June 19, 1997, GM removed this action to this court based on pre-emption by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1131 *et seq.* ("ERISA"). GM filed the instant motion for summary judgment on January 23, 1998.

**Discussion**

1. **Motion for summary judgment pursuant to Rule 56**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly,

where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland,* 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir. 1991).

### 2. Analysis

Plaintiff's complaint is based on essentially two broad allegations. First, plaintiff claims that she was involuntarily retired by GM to prevent her from earning additional benefits. In other words, plaintiff claims that, though she was willing to work beyond December 21, 1990, GM prevented her from working by retiring her, which prevented her from working for a full three months in between disability leaves. Had she been able to extend her employment beyond January 16, 1991, she would have been eligible for another round of short-term disability benefits as well as an increase in EDB. Accordingly, plaintiff alleges that GM illegally prevented her from attaining certain rights to which she was entitled under the various plans in violation of § 510 of ERISA.

Second, plaintiff claims that GM made various misrepresentations and omissions that amounted to a breach of GM's fiduciary duty in violation of § 502 of ERISA.[1] Among the allegations plaintiff makes are allegations that GM failed to inform her that she only needed to work two additional weeks in January of 1991 to qualify for additional short-term disability payments and an increase in EDB, and that Ms. Terey fraudulently misrepresented the level of EDB to which plaintiff was entitled at the July 31, 1991 meeting in order to induce plaintiff to sign the final benefit papers. Plaintiff alleges that these misrepresentations prevented her from "making an adequately informed retirement decision."

■ As GM points out in its motion for summary judgment, both broad claims are subject to the same fatal defect. Both claims rely on the assumption that plaintiff could have chosen some alternative course of action. However, plaintiff's own statements and certifications are inconsistent with such an assumption. With respect to plaintiff's first claim, plaintiff suggests that if GM had only informed her that she needed only to work two more weeks in January of 1991 to earn additional benefits, she was "ready, willing and able" to do so. However, plaintiff submitted at least four claims between January and April of 1991 in which she certified that she was completely disabled and completely unable to perform any work as of December 21, 1990. In addition, plaintiff's own treating physician signed a report dated January 3, 1991 which advises that plaintiff was totally disabled for any occupation at that time. If plaintiff was unable to return to work, as indicated by her own representations, then it is clear that GM did not engage in any activity that illegally prevented plaintiff from attaining benefits to which she was entitled. Moreover, plaintiff's argument in front of this court suggests that she made certain material misrepresentations herself

---

**1.** This claim could also be construed as a claim of equitable estoppel.

in relation to her claims for disability benefits.

 With respect to plaintiff's second claim, again her argument assumes that she had some alternative rather than to accept the terms of the payments she is now receiving. Framed as a claim for a breach of fiduciary duty, plaintiff must prove that GM made a material misrepresentation or omission. As an initial matter, this court notes that the summary plan descriptions in this case were unambiguous and clear. As the Sixth Circuit has clearly held, if there are unambiguous and clear summary plan descriptions, the fiduciary is under no obligation to seek out employees to make sure they understand the various plan provisions. *See, e.g., Electro–Mechanical Corp. v. Ogan,* 9 F.3d 445, 451–52 (6th Cir.1993). Accordingly, GM had no obligation to make any representations beyond the summary plan descriptions to plaintiff in this case. As a result, the only possible material misrepresentation or omission in this case would have occurred at the July 31, 1991 meeting with Ms. Terey. In *Jordan v. Federal Express Corp.,* 116 F.3d 1005 (3d Cir.1997), a case plaintiff herself cites, the court held that a misrepresentation or omission "rises to a material level if 'there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed retirement decision.'" *Id.* at 1015 (quoting *In re Unisys Retiree Med. Benefit Litig.,* 57 F.3d 1255, 1264 (3d Cir.1995)). Ms. Terey's erroneous statement of plaintiff's EDB level does not rise to that level in this case because it did not prevent plaintiff from making an informed retirement decision. At that point, by her own admission, plaintiff was totally disabled. The level of benefits to which she was entitled was determined, and would not have changed regardless of whether she chose to sign the final papers in Ms. Terey's office.[2] Accordingly, there was no material

misrepresentation on the facts of this case, and plaintiff's claim must fail.[3]

Therefore, for the reasons set forth above, this court will grant defendants' motion for summary judgment.

**Conclusion**

This court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that defendants' January 23, 1998 motion for summary judgment pursuant to Fed.R.Civ.P. 56 is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's May 30, 1997 complaint is **DISMISSED with prejudice.**

**SO ORDERED.**

---

2. This court also notes that plaintiff's claim that she was duped by Ms. Terey's erroneous statement is even more suspect considering that, prior to the July 31, 1991 meeting, plaintiff had been receiving EDB checks in the amount of $1,015 per month since mid-February.

3. This court notes also that to the extent plaintiff attempts to frame her claim as a claim for equitable estoppel, plaintiff must prove detrimental

reliance. *See Smith v. Hartford Ins. Group,* 6 F.3d 131 (3d Cir.1993). In *Smith,* again a case plaintiff herself cites, the court noted that a plaintiff must show some reasonable alternative of which she has been deprived due to a misrepresentation in order to establish detrimental reliance. *Id.* at 137. However, for the reasons set forth, *supra,* plaintiff is unable to make that showing in this case.