NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0571n.06

No. 13-6235

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 28, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ELLSWORTH H. TURNER, | ) |
| | ) |
| Plaintiff - Appellant, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| KENTUCKY TRANSPORTATION CABINET, | ) DISTRICT OF KENTUCKY |
| | ) |
| Defendant – Appellee. | ) |

**BEFORE: COLE, COOK, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Ellsworth Turner appeals the grant of summary

judgment to his employer, the Commonwealth of Kentucky Transportation Cabinet, on his

retaliation claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.[1]

We AFFIRM.

**I.**

This is a failure to promote and retaliation case. Turner was employed by the

Transportation Cabinet for a number of years. Since June 2006, he held the position of Acting

Manager of the Relocation Branch of the Division of Right of Way & Utilities in Frankfort,

Kentucky. PID 3. Turner alleges that Steve Damron, his first-line supervisor and the Director of

---

[1] The district court held that Turner's state law retaliation claim, Ky. Rev. Stat Ann. § 344.040, could not be re-litigated in federal court because the Kentucky Personnel Board had decided the same issues. Turner does not appeal that ruling. Also not at issue in this appeal are Turner's claims under the Fourteenth Amendment's Due Process and Equal Protection clauses, 42 U.S.C. § 1983, and the Kentucky Constitution.

the Division of Right of Way & Utilities, told him as early as March 2006 that he would become the permanent Branch Manager. Turner alleges that beginning in January 2007, Damron made lewd sexual remarks and advances toward him, which he rebuffed. Turner alleges that he applied for the Branch Manager position in April 2007 and that Damron retaliated against him and prevented him from getting the position in two ways: by giving him a poor evaluation and by letting the personnel register expire.

Turner pursued relief administratively and, later, in both state and federal court. In March 2008 Turner complained to the Transportation Cabinet's Office of Personnel Management that Damron subjected him to a hostile work environment. In May 2008 Turner filed a charge of sex discrimination with the Kentucky Commission on Human Rights. On December 16, 2009, the Commission dismissed the complaint on "a finding of no probable cause to believe that the Respondent has engaged in an unlawful practice in violation of the Kentucky Civil Rights Act." PID 232. Turner filed a retaliation charge with the EEOC on January 12, 2009. PID 8-9. On March 13, 2009, Turner appealed to the Kentucky Personnel Board, alleging both that Damron retaliated against him and procedural deficiencies regarding his 2008 employee evaluation. Following a two-day hearing, the Personnel Board's hearing officer recommended, and the Board adopted with some modifications, the hearing officer's findings and conclusions. In the meantime, by notices dated March 30, 2010, the EEOC adopted the Human Rights Commission's findings, closed the files on both charges, and issued right to sue letters. PID 10-11. By final order dated April 13, 2011, the Personnel Board determined that Turner's retaliation claims were unfounded. PID 284. Turner appealed the Personnel Board's decision to the Franklin Circuit Court.

After receiving the EEOC right-to-sue letters, Turner brought this action against the Transportation Cabinet and Damron in June 2010. The district court denied Damron's first motion to dismiss but granted his renewed motion in January 2011, dismissing the claims without prejudice on the ground that Turner failed to timely serve Damron (after the district court had granted Turner an extension of time). PID 120-21.

The district court entered an amended scheduling order on March 6, 2013, setting a July 1, 2013, deadline for discovery and dispositive motions. PID 213-14. On June 28, 2013, the Transportation Cabinet filed a motion for summary judgment. Turner sought a 45-day extension of time to respond to the motion. PID 258-59, 277. The district court granted Turner a limited extension of seven days, until August 29, 2013, observing that the case was three years old, a bench trial was scheduled for September 3, and granting Turner's request "would significantly interfere with the current schedule of the already delayed case." PID 277-78.

Turner had 31 days within which to respond to the summary judgment motion, but he neither filed a response nor requested another extension. The district court granted the Transportation Cabinet summary judgment after addressing Turner's claims on the merits in a twelve-page opinion. PID 282-93. This appeal followed.

## II.

Turner argues that the district court abused its discretion by refusing to grant his motion for an enlargement of time to file a response to Defendant's motion for summary judgment. This claim is baseless, as the district court granted Turner a seven-day extension.

Turner filed no response to the motion for summary judgment, nor did he move to alter or amend the judgment under Fed. R. Civ. P. 59(e) or seek relief from judgment under Rule 60; that is, he failed to preserve any alleged error by the district court. Generally, issues not presented to

the district court and raised for the first time on appeal are not properly preserved. *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002). And this court has held that summary judgment is appropriate where a plaintiff fails to respond to a motion as required by Rule 56(e) or to file an affidavit sufficient to satisfy Rule 56(f). *See Kendall v. Hoover Co.*, 751 F.2d 171, 173 (6th Cir. 1984).

Assuming Turner preserved this issue, summary judgment was still proper because Turner failed to meet the "but for" causation test applicable to retaliation claims under *University of Texas, Southwestern Medical Center v. Nassar*, 570 U.S. __, 133 S. Ct. 2517, 2533-34 (2013) (Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action, that is, "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."). Specifically, Turner failed to establish an adverse employment action. *See Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53, 68 (2006) ("a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." (internal quotations and citations omitted)). The record before the district court is clear that Turner applied one time to be promoted to Branch Manager, but the position was withdrawn due to a hiring freeze and was not filled at that time. PID 292. When the position was reposted, Turner did not reapply. Turner thus failed to establish a prima facie case of retaliation and summary judgment was properly granted.[2]

---

[2] The district court went on to observe, and we agree, that even assuming Turner had established an adverse employment action, summary judgment was proper because he did not demonstrate that he did not receive the promotion as a result of his sexual harassment claim against Damron. PID 292.

The district court also properly determined that Turner failed to demonstrate an adverse employment action in connection with his 2008 employment evaluation. Damron rated Turner in the 2008 evaluation as "good," rather than "outstanding" as he had rated him prior. Damron challenged the evaluation before the Personnel Board and, as the district court observed, the Personnel Board determined that the 2008 evaluation should be removed from Turner's personnel file because it was procedurally deficient. PID 290. Turner thus cannot show that he suffered an injury or harm, or that such injury or harm was causally connected to his sexual harassment complaint against Damron.

For these reasons, we AFFIRM the district court's grant of summary judgment to Defendant.