**James Michael SCHORN, Plaintiff,**

v.

**Mark SWITALSKI, John Doe and/or Jane Roe, Defendants.**

Civ. A. No. 94–74585.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 6, 1995.

James Shorn, Eastpointe, MI, in pro per.

Brian Einhorn, Southfield, MI, for defendants.

*MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT SWITALSKI'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS*

GADOLA, District Judge.

Plaintiff Schorn filed this action against defendant Judge Mark Switalski and John Doe and/or Jane Roe alleging that defendants violated plaintiff's First, Fifth and Fourteenth Amendment rights.[1] Before the court is Judge Switalski's motion for summary judgment. Also before the court is plaintiff's motion for sanctions and to strike portions of defendant's brief in support of motion for summary judgment. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court shall decide the motions without entertaining oral argument. For the reasons discussed below, the court will grant Judge Switalski's motion and deny plaintiff Schorn's motion.

### I. Facts

On May 18, 1994, plaintiff was sentenced by the 39th District Court, Visiting Judge Garian, for telephone harassment. The sentence included one year of probation, 30 days of community service, and $500.00 in fines and costs. Under Michigan Court Rule

---

1. Plaintiff had also alleged that defendant Judge Switalski had violated plaintiff's state law rights. Plaintiff's state law claim was dismissed by the court in an earlier order.

7.101(B)(1)(a), plaintiff has 21 days to appeal as of right.

On May 28, 1994, plaintiff wrote to Ms. Edye LaBarge, a secretary and court recorder with the 39th District Court, requesting a copy of the transcript of the sentencing hearing and copies of the cassette tapes of the trial. Ms. LaBarge responded on June 3, 1994 by advising plaintiff that she had forwarded his transcript request to the court recorder. Ms. LaBarge also informed plaintiff that the court rules do not provide for supplying copies of the original tapes.

On June 9, 1994, plaintiff again wrote to Ms. LaBarge renewing his request for the trial cassette tapes. Ms. LaBarge responded on June 20, 1994 again informing plaintiff that it was not the policy of the 39th District Court to provide copies of the taped proceedings.

On July 13, 1994, plaintiff filed a claim of appeal with the Macomb County Circuit Court Clerk's office. In his letter accompanying his appeal papers, plaintiff stated that he "was never informed, at the trial court level of any right of appeal." He also stated that he did not know that he could appeal his conviction. On July 18, 1994, the Macomb County Circuit Court Clerk returned plaintiff's appeal papers advising that plaintiff must comply with Michigan Court Rule 7.103. According to plaintiff's complaint, on July 18, 1994, plaintiff wrote to the Clerk of the 39th District Court requesting copies of the trial transcript, appointment of appellate counsel, and copies of the court's entire file. Plaintiff stated that he had not been informed of his appellate rights at sentencing and could not afford the transcript or appellate counsel.

On September 21, 1994, Judge Switalski, the Chief Judge of the 39th Judicial District Court in the State of Michigan, wrote to the plaintiff and advised plaintiff that if he wished appointed counsel, transcripts and waiver of costs and fees he would need follow the appropriate court rules and file the appropriate documents. According to Judge Switalski, plaintiff never followed those rules and did not file the appropriate documents. In his complaint, plaintiff admits that he has secured the sentencing transcripts and various motion transcripts. However, at the time he filed the complaint plaintiff had not been provided the transcripts or tapes of the trial. In his complaint, plaintiff also discusses his correspondence with other members of court personnel.

Plaintiff filed this action against Judge Switalski, alleging that Judge Switalski failed to allow plaintiff to review or receive copies of his trial court records and failed to respond or timely respond to plaintiff's requests for an opportunity to review his records. Plaintiff alleged that Judge Switalski informed the court reporter not to provide the plaintiff with copies of tapes of his trial and sentencing. Plaintiff also alleged that Judge Switalski had a duty to issue an order directing the Court Reporter to provide the plaintiff with transcripts or an opportunity to review the transcripts and that Judge Switalski refused to issue such an order.

Plaintiff requests a declaratory order that defendants violated his constitutional rights. Plaintiff's complaint also seeks a temporary restraining order prohibiting defendants from refusing to allow plaintiff access to the files of the 39th District Court. Plaintiff's complaint also seeks an order directing defendants to provide plaintiff with papers required by Michigan law to file an appeal and an order allowing plaintiff to file papers as if they were timely filed.

## II. Motion for Summary Judgment

### A. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984)

(citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## B. Analysis

Plaintiff has failed to provide the court with a single piece of evidence which would show that defendant Judge Switalski violated plaintiff's constitutional rights. The only fact that plaintiff has alleged in his complaint is that defendant Judge Switalski wrote plaintiff a letter in which Judge Switalski informed plaintiff of the law pertinent to plaintiff's appeal. This single letter sent by Judge Switalski does not create any claim for a violation of plaintiff's constitutional rights.

Plaintiff's complaint seeks an injunction and order against Judge Switalski preventing the Judge from refusing to allow plaintiff access to the files. Plaintiff, like any other person, may review and make copies of his court file pursuant to Michigan Court Rule 8.105(C)(1), which provides in pertinent part: "[A]ny person may inspect pleadings and other papers in the clerk's office and may obtain copies as provided in sub-rule (C)(2) and (C)(3)." Sub-rule (C)(2) provides: "If a person wishes to obtain copies of papers in a file, the clerk shall provide copies upon receipt of this cost of reproduction." Nowhere in plaintiff's ten page complaint does he allege that defendant Judge Switalski ever denied plaintiff access to his court file.

Plaintiff's complaint alleges that defendant Judge Switalski "had a duty to issue an order and refused to issue an order directing the Court Reporter to provide the plaintiff with transcripts or an opportunity to review same to make notes." Plaintiff also alleges that defendant informed the Court Reporter not to provide plaintiff with copies of the tapes."

Michigan Court Rule 8.108(E) governs the furnishing of transcripts and provides:

> The court reporter or recorder shall furnish without delay, in legible English, a transcript of the records taken by him or her or any part thereof to any party on request. The reporter or recorder is entitled to receive the compensation prescribed in the statute on fees from the person who makes the request.

M.C.R. 8.108(E). Plaintiff wants a free transcript of his trial or copies of the court recorder's tapes. Plaintiff is not entitled to a free transcript without filing the appropriate motion. Further, plaintiff has not shown that he is entitled to copies of the court recorder's tapes.

Lastly, plaintiff requests that this court issue an order permitting plaintiff to file untimely papers for his appeal. Plaintiff has failed to provide any legal authority for granting this request.

### III. Motion for Sanctions and to Strike

Plaintiff filed a motion to strike portions of defendant's brief in support of his motion for summary judgment and seeking sanctions pursuant to Fed.R.Civ.P. 11. Plaintiff seeks to strike the portions of defendant's brief which he feels contain prejudicial, inflammatory and otherwise untrue statements meant to harass the plaintiff. The court finds that plaintiff has not provided sufficient reason for the court to strike any portion of defendant's brief supporting his motion for summary judgment. Further, the court finds that plaintiff has not provided the court with any legal or factual basis for sanctioning defendant Judge Switalski pursuant to Fed. R.Civ.P. 11.

### *ORDER*

Therefore, it is hereby **ORDERED** that defendant Judge Switalski's motion for summary judgment is **GRANTED.**

It is further **ORDERED** that plaintiff's motion to strike and for sanctions is **DENIED.**

**SO ORDERED.**