**Carl L. HOLSEY, M.D., Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine corporation, Detroit Receiving Hospital & University Health Center, Inc., a Michigan nonprofit corporation, Severally and jointly, Defendants.**

No. 95–CV–40388–FL.

United States District Court, E.D. Michigan, Southern Division.

Oct. 29, 1996.

Todd J. Shoudy, Joseph A. Ritok, Jr., Dykema, Gossett, Bloomfield Hills, MI, for Detroit Receiving Hosp.

Thomas R. Paxton, Eggenberger, Eggenberger, McKinney, Weber and Hofmeister, P.C., Detroit, MI, for UNUM Life Ins. of America.

John A. Dominic, Zamler, Mellen and Shiffman, P.C., Southfield, MI, for Plaintiff.

*MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT DETROIT RECEIVING HOSPITAL'S MOTION FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

Plaintiff, Carl L. Holsey, filed a complaint in this action in September, 1995, alleging breach of contract against Detroit Receiving Hospital ("DRH"), his employer, and UNUM Life Insurance Company ("UNUM"). Holsey seeks damages for disability benefits he claims were wrongfully denied to him under a disability policy provided by UNUM. In December, 1995, plaintiff filed a First Amended Complaint which added a claim under the Employee Retirement Income Security Act ("ERISA") against UNUM. On June 24, 1996, plaintiff filed his Second Amended Complaint adding ERISA claims to the breach of contract action brought against DRH. On June 26, 1996, DRH, pursuant to Federal Rules of Civil Procedure 56(b) filed the present Motion for Summary Judgment as to Count II, the breach of contract claim, of the *First Amended Complaint*[1]. DRH

1. It appears that DRH filed this motion for sum- mary judgment on Count II before receiving

asserts that the breach of contract claim is preempted by ERISA. Plaintiff filed a response on September 10, 1996 almost two months beyond the response due date of July 17, 1996. For the reasons stated below, DRH's Motion for Summary Judgment is granted.

## I. Background

Holsey, an anesthesiologist, was hired by DRH in 1991. As part of his benefits package, he was provided a disability policy through UNUM. On or about November 16, 1992, Holsey alleges he became totally disabled and as a result, he was unable to work. He sought disability benefits from UNUM but was denied them because UNUM claimed his disability was due to a pre-existing condition of diabetes. Holsey alleges that the disability insurance policy was the result of a contractual agreement with DRH and that DRH has breached the contract with him because UNUM has denied Holsey benefits under the policy. Holsey admits that he was provided with the insurance policy DRH allegedly promised him.

## II. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion

for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland,* 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Plaintiff's Second Amended Complaint. However, since Count II of the Second Amended Complaint contains the same language as Count II in

the First Amended Complaint, this Motion for Summary Judgment is applicable to both the First and Second Amended Complaints.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991).

### III.  Analysis

ERISA defines an employee benefit plan as:

> any plan, fund or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, *through the purchase of insurance or otherwise,* (A) medical surgical, or hospital care or benefits, or *benefits in the event of* sickness, accident, *disability,* death or unemployment. . . .

29 U.S.C. § 1002(1). Clearly, the instant disability insurance policy is consistent with this definition of an employee benefit plan and is therefore governed by ERISA.

Furthermore, it is well settled that State law claims are preempted by ERISA if they "relate to" an employee benefit plan. 29 U.S.C. § 1144(a) provides, in relevant part, that "[ERISA] shall supersede any and all state laws insofar as they may now or hereafter *relate to* any employee benefit plan." (emphasis added) The courts have interpreted "relate to" in a broad manner such that if the claim has a connection or reference to an employee benefit plan, then it relates to that plan. *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987). See *Van Camp v. AT & T Info. Sys.,* 963 F.2d 119, 122 (6th Cir.1992) (stating that "state law claims and state court decisions resolving those claims, insofar as they ... relate to any employee benefit plan, are preempted by ERISA").

In paragraphs 20 and 21 of his complaint, Holsey alleges:

> 20.  That the plaintiff was enticed to become employed by the Defendant, DETROIT RECEIVING HOSPITAL & UNIVERSITY HEALTH CENTER, INC. due to, among other offers by the Defendant, the Defendant's offer and representation to continue Plaintiff's salary in the event of a disability *by providing a disability policy* which would be effective immediately.

> 21.  That subsequent to Plaintiff, CARL L. HOLSEY, M.D.'s acceptance of the Defendant, DETROIT RECEIVING HOSPITAL & UNIVERSITY HEALTH CENTER INC.'s, offer of employment, said Defendant represented to the Plaintiff that *a disability insurance policy was obtained through UNUM* which would provide Plaintiff with a continued salary in the event of a disability.  (emphasis added).

Based on a plain reading of paragraphs 20 and 21 of the Holsey complaint, the breach of contract claim in this action "relates to" an employee benefit plan. As such, this claim should be preempted by ERISA.

Even if this court considers Holsey's untimely response to DRH's Motion for Summary Judgment, which it need not do, ERISA preemption is nevertheless appropriate. In his untimely response, Holsey alleges that there was a separate agreement under which DRH promised to pay plaintiff *directly* in the event of a disability. Presumably such payment would occur in a situation where the insurance company denies Holsey disability benefits, and not irrespective of whether the insurance company pays the benefits, i.e., a double recovery situation for Holsey. Holsey then argues that because the breach of contract claim against DRH for this alleged agreement is "separate" from the employee benefit plan, it is not preempted by ERISA.

Plaintiff, however, has offered nothing more than mere allegations to support his contention that a separate agreement exists. He has not stated when or where the contract was made, who it was entered into with, or what the specific terms of the contract were. Furthermore, plaintiff offers no case law to support his contention that such a

contract would not "relate to" an employee benefit plan and would therefore not be governed by ERISA. Even if it is assumed, as this court must when considering this motion for summary judgment against Holsey, that such an agreement exists, it would, nevertheless, "relate to" an employee benefit plan since payment under such an agreement would only arise if the *benefit plan* wouldn't pay the claim in the first instance.

As such, whether or not plaintiff's response is considered, no reasonable trier of fact could find that plaintiff, in his breach of contract claim, is seeking benefits which do not "relate to" an employee benefit plan. As such, that claim must be preempted by ERISA and summary judgment in favor of defendant DRH is appropriate on the breach of contract claim.

### ORDER

Therefore, it is hereby **ORDERED** that Defendant Detroit Receiving Hospital's Motion for Summary Judgment on the issue of preemption of state law claims by ERISA be **GRANTED.**

**SO ORDERED.**

### *JUDGMENT*

This matter having come before this court on defendant's motion for summary judgment, this court having conducted oral argument on September 25, 1996, having considered the issues presented and being otherwise fully advised in the premises,

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that the defendant's motion for summary judgment is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that plaintiff, Carl L. Holsey, M.D., take nothing against defendant, Detroit Receiving Hospital, as to Count II, the breach of contract claim, of the June 24, 1996 second amended complaint and that that claim be **DISMISSED** with prejudice.

**SO ORDERED.**