Diane WENZEL, Plaintiff,

v.

CHALLENGER ELECTRICAL EQUIPMENT CORPORATION, a subsidiary of Eaton Corporation, Defendant.

Civil Action No. 96–40336.

United States District Court,
E.D. Michigan,
Southern Division.

June 13, 1997.

Laura M. Anderson, Marc L. Shreeman & Assoc., Southfield, MI, for Plaintiff.

Hans J. Massaquoi, Lewis, Clay & Munday, Detroit, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the court are several motions in this matter. On March 12, 1997 defendant, Challenger Electrical Equipment Corp. ("Challenger"), filed a motion to strike jury demand and a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Diane Wenzel ("Wenzel"), failed to respond to either motion.[1] Instead, on April 14, 1997, Wenzel filed a motion to amend her complaint. On April 25, 1997, Challenger timely filed a response to plaintiff's motion to amend the complaint. On May 22, 1997, Challenger filed a motion for an order to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11. On June 9, 1997, Wenzel faxed to this court a "Revised First Amended Complaint" and a response to Challenger's motion for an order to show cause. This court heard oral argument on June 11, 1997.

### Background

This action arises out of a dispute over benefits provided in a long-term disability insurance policy. Wenzel was employed by Challenger in 1994 when she was diagnosed with a brain aneurysm, removal of which required elective surgery. At that time, Challenger's employees were covered by a long-term disability insurance plan which entitled them to recover fifty percent (50%) of their base pay (the "Old Plan"). Also at that time, Challenger was in the process of being acquired by Eaton Corp. ("Eaton") which was changing to a different plan under which employees would be entitled to seventy percent (70%) disability coverage (the "New Plan"). In November of 1994, Wenzel opted

coverage under the new plan. The new plan, however, was not scheduled to take effect until January 1, 1995.

Wenzel alleges that in November of 1994, she contacted the then head of Human Resources Department ("HRD"), as directed by both the old and new plans, who represented to her that she would be covered under the new plan whether she underwent surgery before or after January 1, 1995. Challenger states that the head of HRD vehemently denies making any such representation. It is plaintiff's claim that she underwent surgery on December 14, 1994 in reliance on those alleged misrepresentations. During surgery Wenzel suffered a stroke which left her permanently disabled. Thereafter, Challenger informed her that she was not covered under the new plan and would only receive 50% of her base pay in long-term disability benefits pursuant to the old plan.

On August 16, 1996, Wenzel filed this action in the Circuit Court for the County of Wayne alleging breach of contract, promissory estoppel and negligent misrepresentation. On September 19, 1996, Challenger removed this action to this court.

### Discussion

With respect to defendant's motion to strike plaintiff's jury demand: plaintiff, at oral argument, conceded this point. In any event, it is clear that in the Sixth Circuit a plaintiff who seeks to recover benefits under section 502 of ERISA, 29 U.S.C. § 1132, as plaintiff seeks to do, has "no right to a jury trial." *Daniel v, Eaton Corp.*, 839 F.2d 263, 268 (6th Cir.1988). *See also Bair v. General Motors Corp.*, 895 F.2d 1094, 1097 (6th Cir. 1990).

The court will now address the remaining motions together as they are interrelated. As noted above, defendant moved for dismissal on March 12, 1997. The crux of defendant's argument is that ERISA preempts all of plaintiff's state law claims, which "relate to" the employee benefit plan at issue here, and that therefore the complaint should be dismissed. *See Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95

---

1. Wenzel did file a one page answer to defendants' motion to dismiss. That "response," however, was untimely and not substantive. Accordingly, this court will not consider it at all.

L.Ed.2d 39 (1987); *Van Camp v. AT & T Info. Sys.*, 963 F.2d 119, 122 (6th Cir.1992); *Holsey v. UNUM Life Insurance Company of America*, 944 F.Supp. 570, 573 (E.D.Mich. 1996). Wenzel apparently concedes defendant's position as she did not respond directly to the motion to dismiss but, instead, filed her motion to amend the complaint, pursuant in Federal Rule of Civil Procedure 15. In that motion, plaintiff seeks to amend the complaint to allege only a cause of action for breach in violation of Section 502 of ERISA, 29 U.S.C. § 1132, in place of her initial common law claims.[2]

■ In its response to plaintiff's motion to amend the complaint, defendant argues that plaintiff's motion should be denied as futile since plaintiff is claiming that the written ERISA plan was orally modified and that ERISA plans, as a matter of law, may not be orally modified. Challenger relies primarily on *Boyer v. Douglas Components Corp.*, 986 F.2d 999 (6th Cir.1993) and *Nachwalter v. Christie*, 805 F.2d 956 (11th Cir.1986). Challenger does not put forth any other basis for denying plaintiff's motion to amend, such as prejudice, and even acknowledges the rather liberal standard under Rule 15 which states that "leave shall be freely given when justice so requires." Thus, the only issue before the court is whether plaintiff's motion to amend should be denied as futile.

Challenger's contention that, as a matter of law, an ERISA plan can not be orally modified is not an entirely accurate statement of the law in this circuit. First, this court notes that defendant's reliance on *Boyer* is somewhat misplaced. *Boyer* involved a determination of whether the parties to a retiree health insurance benefits plan *intended* that those benefits vest. The Sixth Circuit held that when ascertaining the *intent* of the parties, the court should look to the plan documents and that "[t]he written terms of the plan documents control and cannot be modified or superseded by the employer's oral undertakings." *Boyer*, 986 F.2d at 1005. In the instant case, this court is not attempting to ascertain what the parties to the insurance benefit plan *intended* under the plan; rather, it is attempting to ascertain whether the defendant can be prevented from denying *this* plaintiff the additional 20% in disability benefits based on oral misrepresentations. This situation is, of course, more akin to an estoppel argument.

While plaintiff does not make an estoppel or apparent authority argument, this court was able to find two Sixth Circuit cases which have carved out narrow exceptions to the general rule that an ERISA plan must be in writing. In *Armistead v. Vernitron Corp.*, 944 F.2d 1287 (6th Cir.1991), the Sixth Circuit distinguished the *Nachwalter* court's holding that employee benefit plans governed by ERISA must necessarily be in writing and therefore may not be modified by oral agreement. See *Nachwalter*, 805 F.2d at 960. The *Armistead* court noted that *Nachwalter* dealt with a pension plan rather than an insurance benefit plan. With a pension plan, pension benefits are required to be paid out of a fund into which both employers and employees contribute. Moreover, the *Armistead* court noted that contributions to, and pay-outs from, such a fund are determined by actuarial assumptions reflected in the terms of the plan. The *Armistead* court reasoned that if the terms of the plan could be altered by agreement between officers of the plan and plan participants, the rights and legitimate expectations of third parties to retirement income could be prejudiced. *Armistead*, 944 F.2d at 1300. The Court concluded, however, that since there is no fund involved in insurance benefit plans, the actuarial soundness of the fund is not an issue and therefore the purpose of ERISA is not frustrated by applying estoppel principles, generally applicable to legal actions, to such plans. *Id.* Similarly, in the instant case there is no fund, the actuarial soundness of which may be compromised; therefore estoppel principles should be applicable. While plaintiff, as noted above, does not specifically

---

2. In her "Revised First Amended Complaint," Wenzel adds a claim for breach of fiduciary duty under ERISA. This court, however, stated at oral argument that since there is no provision in the Federal Rules of Civil Procedure or this court's Local Rules for such a submission, and because plaintiff did not style that submission as a motion to amend the complaint, this court, would not consider that submission.

make this argument, she does allege promissory estoppel in her original complaint.

Furthermore, in *Richards v. General Motors Corp.*, 991 F.2d 1227 (6th Cir.1993) the Sixth Circuit recognized that theories of apparent authority and ratification were also available to plaintiffs whose claims involved welfare plans. In *Richards*, the plaintiff had back-dated quarterly stock transfers and purchases under GM's employee savings plan because the plan administrator told him to do so. This procedure potentially allowed plaintiff to gain windfall profits by purchasing stock as of an earlier spurious date rather than the actual date, by which time that stock may have risen in value. For this conduct, GM discharged plaintiff, the plan administrator and others. Plaintiff sued GM alleging, *inter alia*, a breach of ERISA fiduciary duties. The Sixth Circuit reversed the district court's grant of summary judgment on the ERISA claim stating: "We are unable to determine whether a fully developed record, viewed in a light most favorable to plaintiff, would establish binding apparent authority in this case." *Id.* at 1232. In the instant case, plaintiff, has not specifically alleged apparent authority. Although she does allege that defendant breached its fiduciary duty to her in her "revised amended complaint," this court has stated above that it will not allow that claim at this time. It should be noted, however, that if plaintiff should seek to amend her complaint in the future, it is likely that this court will find that such amendment would be appropriate as she has sufficiently alleged facts, in her original complaint and her proposed amended complaint, which could constitute a cause of action for apparent authority even though she did not specifically allege the same. *Cf. Colonial Refrigerated Transp., Inc. v. Worsham*, 705 F.2d 821, 825 (6th Cir.1983) (stating that "[t]he federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, . . . .")

Accordingly, this court finds that it can not be said, as a matter of law, that granting plaintiff leave to amend her complaint would be futile. Therefore, this court will deny defendant's motion to dismiss and grant plaintiff's motion to amend the complaint.[3]

Finally, this court will admonish counsel for both parties that they should, in the future, more properly and thoroughly brief the issues before the court in this matter. This court should not have to conduct basic research for either party.

### *ORDER*

**THEREFORE, IT IS HEREBY ORDERED** that defendant, CHALLENGER ELECTRICAL EQUIPMENT CORPORATION's, motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff, DIANE WENZEL's, motion to amend the complaint, pursuant to Federal Rule Civil Procedure 15, is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant, CHALLENGER ELECTRICAL EQUIPMENT CORPORATION's, motion to strike jury demand is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant, CHALLENGER ELECTRICAL EQUIPMENT CORPORATION's, motion for an order to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11, is **DENIED.**

**SO ORDERED.**

---

**3.** At oral argument, counsel for Challenger conceded that in light of the above cited case law, defendant's motion for an order to show cause why sanctions should not be imposed is not appropriate. Accordingly, defendant's motion for an order to show cause is denied.