**SEAL–FLEX, INC., a Minnesota corporation, Plaintiff,**

v.

**W.R. DOUGHERTY AND ASSOCIATES, INC., d/b/a Sports Surfaces, a Michigan corporation, Defendant.**

No. CIV. 00–40162.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 9, 2002.

---

Thomas N. Young, Young & Basile, Troy, MI, Marshall G. MacFarlane, Young & Basile, Ann Arbor, MI, for Plaintiff.

Eugene S. Hoiby, Law Office of Eugene S. Hoiby, Livonia, MI, Barry C. Kane, Miller, Johnson, Grand Rapids, MI, for Defendant.

### *ORDER*

GADOLA, District Judge.

Before the Court is a Motion for Summary Judgment of Patent Invalidity filed by Defendant W.R. Dougherty and Associates, Inc. [Docket Entry 34]. Also before the Court is a Cross–Motion for Summary Judgment filed by Plaintiff Seal Flex, Inc. through its Response to Defendant's Motion for Summary Judgment [Docket Entry 36]. Pursuant to Local Rule 7.1(e)(2), this Court has determined that oral argument will not significantly aid in the disposition of these motions. For the reasons set forth below, this Court will deny Defendant's motion and will grant Plaintiff's motion.

## I. BACKGROUND

Plaintiff Seal Flex, Inc. is a Minnesota corporation and the assignee of U.S. Patent No. 4,529,622 (the " '622 patent") which issued on July 16, 1985. The '622 patent describes a method for constructing the sort of all-weather surfaces such as those used on running tracks. Claims 1, 4, 5, and 6 of the '622 Patent set forth the following method at issue in this case:

1. A method for constructing an activity mat over a foundation comprising the steps of: spreading an adhesive tack coating for adhering the mat to the foundation over the foundation surface;

spreading a first uniform layer of particulate rubber over the tack coating;

then, in sequence, first applying a liquid latex binder to the previously spread rubber layer in sufficient quantity to coat substantially all rubber particles of said layer then air drying said applied mixture until substantially no liquid is visible, then spreading a succeeding uniform layer of particulate rubber uniformly over the preceding layers; and

continuing the aforesaid sequential application of latex binder, air drying the binder followed by the spreading of a uniform layer of rubber over the preceding layers until the approximate desired thickness for the mat is achieved.

\* \* \* \* \* \*

4. The method of claim 1, wherein said binder is acrylic latex.

5. The method of claim 4, wherein said acrylic latex is diluted with water.

6. The method of claim 5, wherein a color pigment is added to the binder liquid prior to the application of such liquid to at least one layer of rubber particles.

'622 Patent, col. 5, 11. 33–34, col. 6, 11. 1–16, 22–28.

The '622 patent is a continuation in part of Patent No. 4,474,833 (the "'833 patent"). The application for the '833 patent was filed on August 23, 1982.

Defendant is W.R. Dougherty and Associates, Inc., a Michigan corporation doing business as Sports Surfaces. Defendant W.R. Dougherty installs running tracks and other athletic surfaces. A second defendant, O'Boyle, Cowell, Blalock and Associates ("O'Boyle"), was dismissed from this suit per a stipulation between Seal Flex, Inc. and O'Boyle dated May 10, 2001.

Plaintiff filed the Complaint in this action on April 26, 2000, alleging infringement of the '622 patent. On April 23, 2001, this Court entered an order granting Plaintiff's motion for summary judgment of infringement as to Claims 1, 4, 5 and 6 of the '622 patent. In the April 23, 2001 order, the Court noted that the validity of the '622 Patent was a "separate question from whether Defendant infringed the '622 Patent." *Seal–Flex v. W.R. Dougherty and Associates, Inc.,* No. 00–40162 (E.D.Mich. April 23, 2001).

Defendant now moves for summary judgment, claiming that the '622 patent is invalid under the "on sale bar" of 35 U.S.C. § 102(b). (Def. Mot. at ¶ 2). In its motion, Defendant also claims a "defense to the alleged patent infringement, based upon 35 U.S.C. § 273(b)." (Def. Mot. at ¶ 8). Plaintiff cross-moves for summary judgment in its response to Defendant's motion, claiming that "all reasonable jurors would find that Defendant failed to prove that W.R. Dougherty, Sr. did in fact

have possession of the invention prior to August 1981 ...." (Pl. Mot. at ¶ 10).

## II. DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *See SRI International v. Matsushita Electric Corp.,* 775 F.2d 1107, 1116 (Fed.Cir.1985). "For summary judgment, fact-finding is an inappropriate exercise .... If a dispute requiring a finding exists as to any material fact, summary judgment is improper." *Lemelson v. TRW, Inc.,* 760 F.2d 1254, 1260 (Fed.Cir. 1985).

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *See id.*

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury

could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

## B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### 1. ON SALE BAR OF SECTION 102(b)

The first issue presented in Defendant's motion is whether the '622 patent is invalid under the "on sale bar" of section 102(b). Section 102(b) provides that "[a] person shall be entitled to a patent unless . . . the invention was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). The parties agree that the application for the '833 patent, predecessor to the '622 patent, was filed on August 23, 1982. Therefore, the "critical date" for purposes of the on sale bar is one year prior to the application date, or August 23, 1981.

 "The ultimate determination that a product was placed on sale under [section 102(b) ] is a question of law, based on underlying facts." *Tec Air, Inc. v. Denso Manufacturing Michigan, Inc.*, 192 F.3d 1353, 1358 (Fed.Cir.1999) (internal quotation and citation omitted). The party challenging the validity of a patent bears the burden of establishing invalidity by clear and convincing evidence.[1] *Abbott Laboratories v. Geneva Pharmaceuticals, Inc.*, 182 F.3d 1315, 1318 (Fed.Cir.1999); 35 U.S.C. § 282.

 In order for the on sale bar of section 102(b) to apply, two conditions must be satisfied prior to the critical date. *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 67, 119 S.Ct. 304, 142 L.Ed.2d 261 (1998). "First, the product must be the

---

1. "The section 102(b) 'public use' and 'on sale' bars are not limited to sales or uses by the inventor or one under the inventor's control, but may result from activities of a third party which anticipate the invention, or render it obvious." *In re Epstein*, 32 F.3d 1559, 1564 (Fed.Cir.1994).

subject of a commercial offer for sale," and "[s]econd, the invention must be ready for patenting." *Pfaff*, 525 U.S. at 67, 119 S.Ct. 304. To satisfy the first prong of the *Pfaff* test, Defendant "must demonstrate by clear and convincing evidence that there was a definite sale or offer to sell more than one year before the application for the subject patent, and that the subject matter of the sale or offer to sell fully anticipated the claimed invention or would have rendered the claimed invention obvious by its addition to the prior art." *Tec Air*, 192 F.3d at 1358 (internal quotation and citation omitted).

■ As an initial matter, the Court notes that Defendant has failed to specify the claims of the '622 patent to which this challenge is directed. A patent is presumed valid, and each separate claim of a patent is "presumed valid independently of the validity of other claims." 35 U.S.C. § 282. The Court will presume, as Plaintiff suggests, that Defendant is most likely challenging the validity of claims 1, 4, 5 and 6, which the Court held to be infringed by Defendant in its April 23, 2001, order. However, the Court agrees with Plaintiff that Defendant's proofs appear to be limited to claim 1 of the '622 patent. In any event, as set forth below, the Court finds as a matter of law that Defendant's proofs are insufficient to establish invalidity of the '622 patent under the standard of clear and convincing evidence.

■ In support of its claim of invalidity Defendant has submitted four affidavits and has cited the deposition testimony of William R. Dougherty, Sr. Plaintiff argues that Defendant's proof, which is in the form of affidavits, is insufficient as a matter of law to establish invalidity by clear and convincing evidence. (Pl. Br. at 4–5). Courts view testimony uncorroborated by other evidence skeptically when such testimony is offered to prove invalidity under

section 102. *See Finnigan Corp. v. International Trade Commission*, 180 F.3d 1354, 1366–67 (Fed.Cir.1999); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed.Cir.1998). "Documentary or physical evidence that is made contemporaneously with the inventive process provides the most reliable proof that an inventor's testimony has been corroborated." *Sandt Technology, Ltd., v. Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1350–51 (Fed.Cir.2001). "Additionally, oral testimony of someone other than the alleged inventor may corroborate an inventor's testimony. In contrast to contemporaneous documentary evidence, however, post-invention oral testimony is more suspect, as there is more of a risk that the witness may have a litigation-inspired motive to corroborate the inventor's testimony, and that the testimony may be inaccurate." *Id.* (citing *Woodland Trust*, 148 F.3d at 1371, 1373).

■ The sufficiency of corroborative evidence is determined under a "rule of reason." *See Sandt Technology*, 264 F.3d at 1350; *Woodland Trust*, 148 F.3d at 1371; *Finnigan*, 180 F.3d at 1370 n. 11. The Federal Circuit has established a set of "illustrative factors" that a court may apply when determining the sufficiency of corroborative testimony under the "rule of reason." *Sandt Technology*, 264 F.3d at 1351. Those factors include:

1) the relationship between the corroborating witness and the alleged prior user; 2) the time period between the event and trial; 3) the interest of the corroborating witness in the subject matter in suit; 4) contradiction or impeachment of the witness' testimony; 5) the extent and details of the corroborating testimony; 6) the witness' familiarity with the subject matter of the patented invention and the prior use; 7) probability that a prior use could occur consider-

ing the state of the art at the time; and 8) impact of the invention on the industry, and the commercial value of its practice.

*Id.*

Because a court determines the sufficiency of corroborative evidence as a matter of law under the rule of reason, such a determination is well-suited for summary judgment. *See, e.g., Sandt Technology,* 264 F.3d at 1351–53.

■ In this case, the Court finds that Defendant has not presented sufficient evidence to carry its burden of establishing invalidity by clear and convincing evidence. In particular, Defendant has not presented sufficient evidence to corroborate the affidavit of William R. Dougherty, Sr. Mr. Dougherty alleges in his affidavit to have used the "exact system" described in the '622 patent for more than one year prior to August 23, 1982. (Dougherty Aff. ¶ 3). Specifically, Mr. Dougherty claims that "[i]n 1980 at the Flint Kearsley High School, Genesee County, Michigan, I supervised the repair and building up of the long jump and pole vault run by using a system of first cleaning the surfaces, doing a tack coat and spreading Reslite rubber strands then spraying with an asphalt emulsion and then layering the surfaces with the procedure." (Dougherty Aff. ¶ 3). In addition, Mr. Dougherty claims to have used the method described in the '622 patent on pole vault and long jump runs at North Georgia College in 1981, and at Harrison High School in Farmington, Michigan on October 27, 1979 to convert a 440 yard track to a 400 meter track. (Dougherty Aff. ¶ 3).

"It is well-established . . . that a party claiming his own prior inventorship must

proffer evidence corroborating his testimony." *Sandt Technology,* 264 F.3d at 1350. In support of this affidavit, Defendant offers three additional affidavits and points to Mr. Dougherty's deposition testimony.[2] Larry Wiltse declares in an affidavit to have witnessed Mr. Dougherty's work on the long jump and pole vault runs in the spring of 1981. (Wiltse Aff.). Mr. Wiltse's affidavit presumably refers to the project at Kearsley High School, although the affidavit is silent as to where Mr. Wiltse witnessed Mr. Dougherty's work. (Wiltse Aff.). Mr. Wiltse states that he "witnessed the application of layered rubber and asphalt," and that "[t]he installation was done in sequential layers." (Wiltse Aff.). Similarly, Donald Marsh declares that he witnessed Mr. Dougherty complete the Kearsley High School long jump and pole vault runs in the Spring of 1981. (Marsh Aff.). Mr. Marsh states that he "witnessed the application of layered rubber and asphalt," and that "[t]he installation was done in sequential layers." (Marsh Aff.). Lastly, Mickey Hamilton declares through his affidavit to have witnessed Mr. Dougherty's work at Kearsley High School in the Spring of 1981. (Hamilton Aff.). Mr. Hamilton states that "[t]he runways were done by hand, and I observed their construction, which was a layered procedure using rubber and a spray of some type. I observed more than one layer of each but cannot recall how many of each. The procedure included a layer of spray then a layer of rubber, a process which was repeated numerous times." (Hamilton Aff.).

Because the three affiants refer only to the Kearsley High School installation, the

---

**2.** The portion of Mr. Dougherty's deposition testimony upon which Defendant relies consists of Mr. Dougherty's statements that Mr. Donald March [sic] and Mr. [Mickey] Hamilton, both of whom have provided affidavits in support of this motion, witnessed the installation at Kearsley High School. Therefore, the deposition testimony upon which Defendant relies is of little corroborative significance.

other prior installations mentioned in Mr. Dougherty's affidavit must be rejected as evidence of prior use for lack of any corroboration. Therefore, the only remaining issue is whether Mr. Dougherty's installation of the pole vault and long jump runs at Kearsley High School are sufficiently corroborated to prove by clear and convincing evidence that the method described in the '622 patent was used at Kearsley High School more than one year before the critical date.

Defendant provides no documentary or physical record to corroborate any of the alleged prior uses by Mr. Dougherty. Defendant instead relies solely upon the statements of three witnesses for corroboration of Mr. Dougherty's affidavit.[3] Analyzing this question under the rule of reason, the Court finds that Defendant's corroborative evidence is not sufficient to prove invalidity by clear and convincing evidence. First, the affiants made their declarations roughly nineteen years after witnessing Mr. Dougherty's work at Kearsley High School. Such a great length of time between the event and the declarations casts doubt upon the accuracy and reliability of the statements. *See Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1372–73 (Fed.Cir. 1998). Second, Defendant's three witnesses do not provide the degree of detail sufficient to find that the process they witnessed encompassed any claim of the '622 patent. *See Seal–Flex v. W.R. Dougherty and Associates, Inc.*, No. 00–40162 (E.D.Mich. April 23, 2001) (construing claims 1, 4, 5, and 6 of the '622 pat-

ent). As Plaintiff states, "[t]he most that any of the witnesses can say is that the Kearsley runs were made of rubber and asphalt." (Pl. Br. at 15). The Court also finds, as Plaintiff argues, that "[n]one of Defendant's witnesses, including Dougherty, Sr. has testified to the air-drying step [in claim 1] at Kearsley or anywhere prior to 1983. Similarly, none of the witnesses testify to the elements of claims 4, 5 or 6 of the Seal Flex patent, namely, use of an acrylic latex binder, an acrylic latex diluted with water, or a color pigment being added to the liquid binder prior to the application of such liquid to at least one layer of rubber particles." (Pl. Br. at 15). Finally, Defendant's witnesses appear to have no expertise or familiarity with the subject matter of the method encompassed in the '622 patent, other than allegedly having witnessed Mr. Dougherty's work at Kearsley High School. Therefore, the Court finds under the rule of reason analysis that the three affidavits offered by Defendant are not sufficient to corroborate Mr. Dougherty's affidavit.

For the reasons set forth above, the Court finds as a matter of law that Defendant has not presented sufficient evidence to carry its burden of establishing invalidity by clear and convincing evidence. Therefore, the Court will deny Defendant's Motion for Summary Judgment on this issue.

## 2. DEFENSE TO INFRINGEMENT UNDER SECTION 273(b)

◼ Defendant also claims that it "has a defense to the alleged infringement, based

---

**3.** The Court notes several inconsistencies in Defendant's references to Kearsley High School, the location where Mr. Dougherty allegedly practiced the method encompassed in the '622 patent. First, the affidavit of Mr. Dougherty states that the Kearsley installation occurred in 1980, while Defendant's three other affiants each state that the Kearsley

installation occurred in the Spring of 1981. Defendant's brief also states that the installation occurred in 1981. (Def. Br. at 3). Further, both the Dougherty and Marsh affidavits refer to "Flint" Kearsley High School, but Defendant's brief refers to Kearsley High School in "Saginaw, Michigan." (Def. Br. at 3).

upon 35 U.S.C. § 273(b)." (Def. Mot. ¶ 8). The parties dispute the applicability of section 273(b) to the particular facts of this case. The Court finds, however, that Defendant's assertion of a defense under section 273(b) is untimely; therefore, the Court need not address the applicability of the statute to this case.

Section 273(b) on its face provides "a defense to an action for *infringement.*" *See* 35 U.S.C. § 273(b)(1) (emphasis added). However, this Court has already found that Defendant's method literally infringes claims 1, 4, 5 and 6 of the '622 patent. *See Seal–Flex v. W.R. Dougherty and Associates, Inc.,* No. 00–40162 at 14 (E.D.Mich. April 23, 2001) (Order Granting Plaintiff's Motion for Summary Judgment of Infringement). In the April 23, 2001 order, this Court noted that infringement and validity are separate issues. *See id.* Therefore, because the Court has already resolved the issue of infringement in favor of Plaintiff, Defendant's claim of a defense to infringement under section 273(b) is untimely at this point in the litigation and the merits of that defense will not be considered.

### C. PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT

In its response to Defendant's motion, Plaintiff "cross-moves for summary judgment in its favor based on Defendant's inability as a matter of law to meet its burden of clear and convincing evidence." Under the standard for summary judgment, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). While Defendant did not file a response to Plaintiff's Cross–Motion for Summary Judgment, the Court will consider the evidence that Defendant put forth in Defendant's Motion for Summary Judgment. As the Court has already discussed in regard to Defendant's motion, Defendant has failed to carry its burden of establishing by clear and convincing evidence that the '622 patent is invalid under the on sale bar of section 102(b). Therefore, no reasonable jury could find for Defendant on the issue of validity of the '622 patent, and the Court will grant Plaintiff's Cross–Motion for Summary Judgment.

### III. CONCLUSION

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket Entry 34] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Cross–Motion for Summary Judgment, as filed through its Response to Defendant's Motion For Summary Judgment [Docket Entry 36], is **GRANTED.**

**SO ORDERED.**