Bob G. JACKSON and Virgie
L. Jackson, Plaintiffs,

v.

NEW CENTURY MORTGAGE CORPO-
RATION, a California corporation,
Ocwen Federal Bank, FSB, a Florida
corporation, and U.S. Bank, N.A.,
jointly and severally, Defendants.

No. CIV. 02–40286.

United States District Court,
E.D. Michigan,
Southern Division.

June 4, 2004.

Gregory M. Abler, Legal Aid and De-
fender Association of Detroit, Civil Divi-
sion, Detroit, MI, for Bob G. Jackson, Vir-
gie L. Jackson, Plaintiffs.

Thomas G. Costello, Lipson, Neilson,
(Bloomfield Hills), Bloomfield Hills, MI,
Dan E. Bylenga, Jr., Rhoades, McKee,
Grand Rapids, MI, for New Century Mort-
gage Corporation, Ocwen Federal Bank,
FSB, U.S. Bank, N. A., Defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

### I. INTRODUCTION

This action arises out of a residential
mortgage transaction. Plaintiffs claim
that Defendants violated certain provisions
of the Truth in Lending Act. Now before
the Court are Defendants' motions for
summary judgment. A hearing on these
motions was held on May 28, 2004. Be-
cause the Court concludes that Plaintiffs

cannot, as a matter of law, prove their claims, the Court will grant Defendants' motions.

## II. BACKGROUND

Plaintiffs Bob and Virgie Jackson ("Plaintiffs"), who were married at the time this action was filed but subsequently divorced, owned real property located at 12254 Ilene Street in Detroit, Michigan. The home was inherited by Mr. Jackson from his mother's estate in 1988 and later quit-claimed to himself and Ms. Jackson. In June 2000, the home was in foreclosure. Plaintiffs applied for a new mortgage with Defendant New Century Mortgage Corporation to avoid foreclosure. On July 12, 2000, Plaintiffs closed on a mortgage loan with a principal amount of $36,400.00. The loan proceeds paid off the prior mortgage, back taxes, and various finance charges. The mortgage was subsequently assigned to Defendant U.S. Bank and serviced by Defendant Ocwen Federal Bank.

As Plaintiffs failed to make proper payments on this loan, the property was sold at a foreclosure sale on May 2, 2002. The sale allowed for a six month redemption period, during which time Plaintiffs could redeem the property. This redemption period expired on November 2, 2002. On October 31, 2002, just before the expiration of the redemption period, Plaintiffs filed this lawsuit against New Century Mortgage Corporation, Ocwen Federal Bank FSB, and U.S. Bank, N.A. Plaintiffs claim that Defendants violated the Truth in Lending Act because they did not provide each Plaintiff with two copies of the "Notice of Right to Cancel" form and because the notice that they did receive did not clearly state the date on which the right to cancel expired.

Defendant New Century Mortgage Corporation filed a motion for summary judgment on December 15, 2003. Defendants Ocwen Federal Bank FSB and U.S. Bank, N.A. filed a separate motion for summary judgment on the same date. As the motions raise substantially the same arguments, Plaintiffs filed a single response to both motions on January 7, 2004. Defendant New Century filed a reply brief on January 14, 2004, in which the other Defendants concurred. As the parties have jointly addressed the issues raised in both motions for summary judgment, the Court will do the same.

## III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Comm'n,* 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Service, Inc.*, 738 F.Supp. 214, 217

(E.D.Mich.1990) (Gadola, J.), *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995).

## IV. ANALYSIS

At the outset, the Court notes that subject matter jurisdiction is proper based on federal question jurisdiction. 28 U.S.C. § 1331. The Court declined to exercise supplemental jurisdiction over the state law claims; consequently only the claims under the Truth in Lending Act ("TILA") remain before this Court.

TILA provides that "obligors," such as Plaintiffs in this case, have the right to rescind the transaction. TILA also requires "creditors," such as Defendants, to provide obligors with notice of this right to rescind. TILA states that:

> the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.

15 U.S.C. § 1635(a). The regulation promulgated under this statute specifies that in order to provide proper notice, "a creditor shall deliver two copies of the notice of

the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1).

██ The first issue for the Court to address is whether, as a matter of law, Plaintiffs have produced sufficient evidence to substantiate their claim that they did not receive two copies of the notice. TILA provides that "[n]otwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this title by a person to whom a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). In this case, both Plaintiffs signed an acknowledgment that states "I acknowledge receiving two copies of this Notice of Right to Cancel form." *See* Def. Ocwen Ex. F; Def. New Century Ex. K. Thus, there is a rebuttable presumption that both Plaintiffs received duplicate copies of the Notice of Right to Cancel.

██ The statute and the regulations are silent as to what evidence is necessary to overcome the rebuttable presumption established by TILA. Generally, "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption." Fed.R.Evid. 301. To rebut a presumption, a party must provide evidence that "would support a jury finding of the nonexistence of the presumed fact." 21 *Wright & Graham, Federal Practice and Procedure: Evidence* § 5122 (1977). After examining the evidence, the Court determines that Plaintiffs have failed to produce evidence that would support a jury finding of non-delivery; Plaintiffs have not provided evidence that contradicts the presumption of receipt.

To rebut the presumption, Plaintiffs offer an "envelope theory." That is, they claim that all of the documents that they received at the closing were contained in an envelope. Plaintiffs claim that they sealed the envelope after leaving the closing and did not break the seal until they contacted an attorney regarding this matter. When examined by their attorney, the envelope did not contain the required duplicate copies of the notice. Instead, Plaintiffs claim that the envelope only contained one copy of the notice and that the copy was unsigned. In fact, Plaintiffs claim in their brief that every document in the envelope was unsigned. Pl. Resp. at 11.

The evidence Plaintiffs provide suggests that they are unable to identify with any certainty which documents they received at closing. As noted above, the envelope at issue contained only *unsigned* papers. Plaintiffs, however, both acknowledge that they received some *signed* papers at the closing. For example, Ms. Jackson stated at her deposition she received some signed papers:

Q: Okay. In terms of the copies that you received at the closing of the documents, do you remember if the documents that were inside the envelope, were they copies of the signed documents? ... did they give you a copy of the signed ones to take with you?

A: *Some of the copies, I mean, the papers in there had signatures on them.*

Similarly, Mr. Jackson stated at his deposition that he received signed papers:

Q: *On those documents that you were sent home with that day of the closing, do you ever recall seeing any of your signatures on those documents?*

A: Any other signatures?

Q: Any of your signatures.

A: Or mine?

Q: Any of your signatures.

A: *Yes.*

Plaintiffs claim that *every* document that they received at closing was inside the sealed envelope. Pl. Resp. at 11. The envelope contains only *unsigned* documents. *Id.;* Pl.Ex. F. Plaintiffs, however, both admit that they received *signed* documents. Therefore, not every document that Plaintiffs admit that they received was inside the sealed envelope. As there must have been additional signed documents that Plaintiffs' received that were not in the envelope, it is not possible to determine whether Plaintiffs received the notice of the right to rescind. Consequently, Plaintiffs cannot use the envelope theory to overcome the presumption that they received only the documents in the envelope. Furthermore, Defendants provide as additional evidence an affidavit by the mortgage loan closer, signed on the day of the closing and "confirmed" by the Plaintiffs' signatures, stating that the closer provided each Plaintiff with two copies of the notice.

Even viewed in the light most favorable to Plaintiffs, Plaintiffs cannot contradict their own claims that they received *signed* documents at closing. Given the uncertainty of what documents Plaintiffs did receive, Plaintiffs cannot rebut the presumption created by their signed acknowledgment that they received two copies of the notice.

Furthermore, even if Plaintiffs were able to show that the documents in the envelope were the only documents they received, the "envelope theory" alone may be insufficient to rebut the presumption that they received the two copies. Although the Sixth Circuit has not addressed this issue, a district court in Minnesota granted summary judgment for defendants, holding that a similar envelope theory was insufficient to rebut the presumption of receipt:

> [a]t most, [plaintiffs'] testimony and affidavits show that they are not sure whether they received the notices. *Moreover, an allegation that the notices are now not contained in the closing folder is insufficient to rebut the presumption.* There are any number of explanations for the missing notices. Absent more compelling evidence of non-receipt, [defendant] is entitled to the benefit of the presumption.

*Gaona v. Town & Country Credit,* No. 01–44, 2001 WL 1640100 at *2, 2001 U.S. Dist. LEXIS 20443 at *8–9 (D.Minn. Nov. 20, 2001) *rev'd in part on other grounds, Gaona v. Town & Country Credit,* 324 F.3d 1050 (8th Cir.2003) (emphasis added); *see also Williams v. First Gov't Mortgage & Investors Corp.,* 225 F.3d 738, 751 (D.C.Cir.2000) ("because [plaintiff] offered no evidence of non-delivery beyond his trial testimony, we affirm the district court's determination that [plaintiff] failed to rebut the presumption of delivery"); *but see Davidson v. Bank One Home Loan Servs.,* No. 01–2511, 2003 WL 124542 at *4, 2003 U.S. Dist. LEXIS 514 at *15–16 (D.Kan. 2003) (citations omitted).

Regardless of whether the envelope theory is sufficient to rebut the presumption, Plaintiffs in this case do not provide uncontroverted testimony that every document that they received was contained in the envelope. Both Plaintiffs in this case testified to receiving *signed* documents; all of the documents in the envelope were *unsigned.* Plaintiffs have therefore not shown that all of the documents they received were inside the envelope.

While the Sixth Circuit has held that "[e]ven technical or minor violations of [TILA] impose liability on the lender," such violations must still be proven. *Weeden v. Auto–Workers Credit Union Inc.,* 173 F.3d 857, 1999 WL 191430 at *4 (6th Cir.1999) (citation omitted). In this case, Plaintiffs have not provided sufficient evidence to do so. Consequently, the Court

determines that as a matter of law Plaintiffs have failed to rebut the presumption of delivery.

Plaintiffs also claim that the notice form, even if it were received, is inadequate. Specifically, Plaintiffs claim that the form did not contain the date of the closing transaction or the date on which the right to rescind expired; instead Plaintiffs claim that the spaces for dates were left blank. Although the date lines are blank on the unsigned copies, the copies with the signatures do contain the appropriate dates. Accordingly, this claim fails with the preceding claim: since Plaintiffs cannot rebut the presumption that they received the signed copies, they similarly cannot prove that they did not receive the copies that contained the appropriate dates. As the notice is otherwise identical to the model form in the regulations, this claim cannot succeed.

## V. CONCLUSION

Based on the preceding analysis, the Court concludes that Plaintiffs cannot rebut the presumption that they received proper notice of the right to rescind.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant New Century Mortgage Corporation's motion for summary judgment [docket entry 17] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants Ocwen Federal Bank and U.S. Bank's motion for summary judgment [docket entry 15] is **GRANTED.**

**SO ORDERED.**